UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET FOLTZ,

    Plaintiff,

v().                                                      Case No. 8:10-cv-759-T-24-EAJ

CITY OF LARGO and JUSTIN
MARTENS in his individual capacity,

    Defendants.

_____/

## **ORDER**

This cause comes before the Court on Defendant Justin Martens' Motion to Bifurcate Trial. (Doc. No. 22). Plaintiff opposes the motion. (Doc. No. 23). Defendant City of Largo does not oppose the motion. (Doc. No. 22, p. 5).

## **I.  Background**

Plaintiff filed suit against Defendants, in which she alleges the following (Doc. No. 1): At all relevant times, Defendant Martens was employed as a police officer by Defendant City of Largo ("the City"). On October 20, 2006, Martens arrested Plaintiff for allegedly driving under the influence. Plaintiff contends that Martens did not have arguable or actual probable cause for the arrest. Martens handcuffed Plaintiff and transported her to jail. At the jail, Martens slammed Plaintiff's body violently against the wall face-first without justification or provocation while she was still handcuffed. As a result, Plaintiff was severely injured.

In her complaint, Plaintiff asserts five claims. In Count I, Plaintiff asserts a § 1983 claim against Martens in his individual capacity for violating Plaintiff's Fourth Amendment rights due

to the false arrest and his use of excessive force. In Count II, Plaintiff asserts a state law claim of battery against the City, because Martens' conduct occurred while he was the City's agent and acting within the apparent scope of his authority. In Count III, Plaintiff asserts the state law claims of false arrest and false imprisonment against the City, because Martens' conduct occurred while he was the City's agent and acting within the apparent scope of his authority. In Count IV, Plaintiff asserts a negligent retention claim against the City, in which she contends that the City had prior notice of multiple incidents of batteries and use of excessive force by Martens. In Count V, Plaintiff asserts a § 1983 municipal liability claim against the City, in which she contends that the City failed to properly train Martens regarding use of force.

In answering the complaint, Martens raised the defense of qualified immunity. However, neither Martens nor the City filed a motion for summary judgment, and the dispositive motion deadline has passed. Trial is set for July, and all five claims remain.

## II.  Motion to Bifurcate Trial

In the instant motion, Defendant Martens argues that the Court needs to bifurcate the trial and sever Count I (the § 1983 claim against Martens) from the remaining counts. Thus, he argues that Count I should be tried first, and he gives two reasons for this argument. First, Martens points out that Plaintiff intends to offer evidence of his prior instances of excessive force to prove her § 1983 municipal liability claim against the City, and such evidence will be unfairly prejudicial to him. Second, he argues that judicial resources would be conserved by bifurcation, because if the jury finds that Martens did not violate Plaintiff's Fourth Amendment rights when considering her § 1983 claim against him, then such a finding would preclude her § 1983 municipal liability claim against the City.

Plaintiff opposes the motion, arguing that an appropriate limiting jury instruction could alleviate the possible prejudice to Martens. Furthermore, she points out that even if the jury finds in favor of Martens on her § 1983 claim against him (and thus precludes her § 1983 municipal liability claim against the City), that would have no effect on her claims of battery, false arrest, false imprisonment, and negligent retention against the City.

Federal Rule of Civil Procedure 42(b) provides, in relevant part, the following: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate . . . claims . . . ." The burden is on Martens, as the moving party, to show that bifurcation is warranted. See Cole v. Morgan, 2010 WL 4038607, at *2 (N.D. Fla. Oct. 14, 2010)(citation omitted). The decision whether to bifurcate a trial is within a court's discretion. See id. (citation omitted). Upon consideration, the Court finds that Martens has established that bifurcation is warranted under the facts of this case.

Courts have found that bifurcation is warranted in order to sever a Monell claim against a municipality from claims against individual police officers.[1] See id. at *3; McQueen v. Morgan, 2010 WL 4595718, at *4 (N.D. Fla. Nov. 4, 2010); Salter v. McNesby, 2007 WL 2459246, at *22 (N.D. Fla. Aug. 24, 2007)(citations omitted). In concluding that bifurcation was warranted, courts have noted that severance of the Monell claim eliminates the potential unfair prejudice to an officer that can occur from the plaintiff's introduction of an officer's prior wrongful acts in order to establish a Monell claim. See McQueen, 2010 WL 4595718, at *4; Cole, 2010 WL 4038607, at *3; Ojeda-Beltran v. Lucio, 2008 WL 2782815, at *3 (N.D. Ill. July 16, 2008);

---

[1] A Monell claim is a § 1983 municipal liability claim. See Monell v. New York City Department of Social Services, 436 U.S. 658 (1978).

Ricciuti v. N.Y. Transit Authority, 796 F. Supp. 84, 86 (S.D.N.Y. 1992)(noting the danger of contaminating the minds of the jury against the police officer); Daniels v. Loizzo, 178 F.R.D. 46, 48 (S.D.N.Y. 1998); Carson v. City of Syracuse, 1993 WL 260676, at *2 (N.D.N.Y. 1993). This reason alone is sufficient to warrant bifurcation. See Carson, 1993 WL 260676, at *2.

Additionally, the Court notes that if the jury finds in favor of Martens on the § 1983 claim against him, such a finding would be dispositive of, and preclude, Plaintiff's Monell claim. See City of L.A. v. Heller, 475 U.S. 796, 799 (1986)(stating that if the officer did not inflict a constitutional injury upon the plaintiff, then the municipality cannot be held liable under § 1983). Thus, severing the Monell claim could save judicial resources, as a trial on the Monell claim may prove to be unnecessary. See Lucio, 2008 WL 2782815, at *3 (noting that bifurcation would be an attempt to prevent unnecessary expending of judicial resources); Ricciuti, 796 F. Supp. at 86 (stating that the potential benefit of avoiding a second trial outweighed the potential cost of conducting one large trial); Daniels, 178 F.R.D. at 49 n.4 (noting that evidence of municipal policies, which is necessary to establish a Monell claim, is irrelevant to a claim against an individual officer); Carson, 1993 WL 260676, at *5 (stating that the court's interest in promoting judicial efficiency, economy, and convenience warranted bifurcation); Cole, 2010 WL 4038607, at *3 (recognizing that severing the Monell claim would further the interest of convenience).

Furthermore, the Court concludes that while Plaintiff may like to pursue all of the her claims at once, she will not be prejudiced by the bifurcation. See Lucio, 2008 WL 2782815, at *3 (noting that litigating the Monell claim separately would not be detrimental to the plaintiffs' chance of success on any of their claims). As explained by one court:

> One may be tempted to argue that bifurcation, and the resulting two trials, would impose an unfair hardship upon plaintiffs, who do not have the support of a public

> tax base to finance separate trials. The hardship of a bifurcated trial, however, would not be materially greater than that of a single trial; in the event of an adverse verdict for plaintiffs on [the officer's] liability, the bifurcation would actually save plaintiffs (albeit to their dismay) the burden of having to litigate the municipality's liability.  This court can . . . mitigate the financial hardship upon plaintiff of a bifurcation by ordering that the trials occur "back-to-back" with the same jury, so that proof need not be repeated in the trial (if any) of the [municipal] defendants.  In the event that the trier of fact returns a verdict against [the officer], the case immediately will proceed to consideration by the same jury of the [municipal] defendants' liability.

Carson, 1993 WL 260676, at *7 (internal citations omitted).

Accordingly, this Court finds that bifurcation is warranted in order to avoid unfairly prejudicing Martens and because of the possibility of conserving judicial resources if the second trial becomes unnecessary.  While Martens suggests that the Court sever Count I (the only claim against Martens) from the rest of the claims and try Count I first, the Court thinks the better approach would be to sever Counts I, II, and III (the § 1983 claim against Martens, the battery claim against the City, and the false arrest and false imprisonment claims against the City) from Counts IV and V (the negligent retention claim against the City and the § 1983 municipal liability claim against the City).  This way, if the jury finds in favor of Martens on the § 1983 claim (Count I), a trial on Count V (the § 1983 municipal liability claim) will be unnecessary.[2]  Likewise, if the jury finds in favor of the City on Count II (the battery claim), then a trial on Count IV (the negligent retention claim) will be unnecessary, because an element of a negligent retention claim is that the employee committed a tort (in this case, a battery).  See D.H.G.

---

[2] The Court notes that because Martens has raised the issue of qualified immunity, it is possible that Plaintiff's claim against him could fail, and yet, there may still be a need for a second trial on the municipal liability claim.  This is because special interrogatories will be used in order for the jury to determine whether Martens violated Plaintiff's constitutional rights, and if they decide that he did violate her constitutional rights, the Court's determination regarding qualified immunity will not bar Plaintiff's municipal liability claim against the City.  See Loizzo, 178 F.R.D. at 49 n.3; Ricciuti, 796 F. Supp. at 86.

Properties, LLC v. Ginn Companies, LLC, 2010 WL 5584464, at *8 (M.D. Fla. Sept. 28, 2010)(citations omitted)(stating that a negligent retention claim must be based on an injury to the plaintiff that results from a tort committed by the employee).

Furthermore, the Court finds that the same jury will be used for both trials, if a second trial is necessary. Therefore, the Court will hold a trial on Counts I, II, and III, and if a second trial is necessary, it will be held immediately thereafter.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Justin Martens' Motion to Bifurcate Trial (Doc. No. 22) is **GRANTED** to the extent that the Court will hold a bifurcated trial, with Counts I, II, and III being tried first. Immediately thereafter, if necessary, the Court will hold a second trial with the same jury on Counts IV and V.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of May, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record