UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET FOLTZ,

    Plaintiff,

v.                                                       Case No. 8:10-cv-759-T-24-EAJ

CITY OF LARGO and JUSTIN
MARTENS in his individual capacity,

    Defendants.

_____/

**ORDER**

    This cause comes before the Court on two motions: City of Largo's Motion in Limine (Doc. No. 40), which Plaintiff opposes (Doc. No. 42); and Justin Martens' Motion in Limine (Doc. No. 47), which Plaintiff opposes (Doc. No. ). Accordingly, the Court will address each motion.

**I. Background**

    Plaintiff filed suit against Defendants, in which she alleges the following (Doc. No. 1): At all relevant times, Defendant Martens was employed as a police officer by Defendant City of Largo ("the City"). On October 20, 2006, Martens arrested Plaintiff for allegedly driving under the influence. Plaintiff contends that Martens did not have arguable or actual probable cause for the arrest. Martens handcuffed Plaintiff and transported her to jail. At the jail, Martens slammed Plaintiff's body violently against the wall face-first without justification or provocation while she was still handcuffed. As a result, Plaintiff was severely injured.

In her complaint, Plaintiff asserts five claims. In Count I, Plaintiff asserts a § 1983 claim against Martens in his individual capacity for violating her Fourth Amendment rights due to the false arrest and Martens' use of excessive force. In Count II, Plaintiff asserts a state law claim of battery against the City, because Martens' conduct occurred while he was the City's agent and acting within the apparent scope of his authority. In Count III, Plaintiff asserts the state law claims of false arrest and false imprisonment against the City, because Martens' conduct occurred while he was the City's agent and acting within the apparent scope of his authority. In Count IV, Plaintiff asserts a negligent retention claim against the City, in which she contends that the City had prior notice of multiple incidents of batteries and use of excessive force by Martens. In Count V, Plaintiff asserts a § 1983 municipal liability claim against the City, in which she contends that the City failed to properly train Martens regarding use of force.

Martens previously moved to bifurcate the trial, and the Court found that bifurcation was warranted. As a result, the Court has severed Counts I, II, and III (the § 1983 claim against Martens, the battery claim against the City, and the false arrest and false imprisonment claims against the City) from Counts IV and V (the negligent retention claim against the City and the § 1983 municipal liability claim against the City). Counts I, II, and III will be tried first, and the same jury will be used for both trials if a second trial is necessary.

## II.  City of Largo's Motion in Limine

The City moves to preclude all evidence and testimony regarding a prior lawsuit by Maria Godman that she filed against the City and Martens. In that lawsuit, Godman alleged that Martens used excessive force during the course of her arrest, which resulted in her arm being broken. See Godman v. City of Largo, Fla., 2009 WL 1651524 (M.D. Fla. June 10, 2009).

However, the Court granted summary judgment against Godman on her claims, finding that Martens' use of force on Godman was necessary and objectively reasonable. See id. at *7, 9. Therefore, the City argues that since the Court found that Martens' use of force was necessary and objectively reasonable, testimony and evidence regarding Godman's claims of excessive force would be irrelevant to the issue of whether the City was negligent in retaining Martens after Godman's complaint. Furthermore, the City argues that allowing such evidence would create a trial within a trial, as Plaintiff would be asking the jury to consider the veracity of Godman's complaint when evaluating Plaintiff's claims in the instant case. The Court finds that the City's arguments have merit.

Plaintiff responds that such evidence is relevant, because it shows motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. However, the Court fails to see how Martens' participation in Godman's arrest shows opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident with regards to the force used in Plaintiff's arrest.

Plaintiff also argues that such evidence is necessary to rebut and impeach the City's anticipated evidence that Martens did not intend to injure Plaintiff. Again, the Court finds that evidence relating to Godman's arrest has no bearing on whether Martens intended to injure Plaintiff during her arrest.

Accordingly, the Court finds that the City's motion should be granted, because this Court previously found that the amount of force Martens used in arresting Godman was necessary and objectively reasonable. Therefore, such evidence is not relevant and would be substantially

more prejudicial than probative. Furthermore, the Court agrees that such evidence would likely result in an unnecessary mini trial within a trial.

### III. Martens' Motion in Limine

Plaintiff is asserting a § 1983 claim against Martens. In the instant motion, Martens moves to preclude evidence and testimony relating to: (1) any prior complaints or discipline against Martens; and (2) the fact that Plaintiff's criminal charges were *nolle prosequi.* As explained below, the motion is **GRANTED**.

#### A. Prior Complaints and Discipline

Martens argues that evidence relating to all prior complaints or discipline against him should be excluded in the initial trial against him, because such prior bad acts are irrelevant and highly prejudicial. Martens argues that such evidence could only be used to show that he has a propensity to use excessive force, and such a showing is precluded under Federal Rule of Evidence 404(b).[1] In support of this argument, Martens cites Luka v. City of Orlando, 382 Fed. Appx. 840 (11th Cir. 2010), and Zaken v. Kelley, 370 Fed. Appx. 982 (11th Cir. 2010). In Luka, the Eleventh Circuit affirmed the district court's decision to exclude prior complaints of excessive force against the officer-defendant, stating the plaintiff was attempting to use such evidence to prove that the officer "characteristically engaged in the use of excessive force and acted in conformity with that characteristic." Luka, 382 Fed. Appx. at 842-43; see also Zaken, 370 Fed. Appx. at 985.

---

[1] Rule 404(b) provides the following "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."

Plaintiff responds that evidence of prior complaints against Martens is a necessary and proper subject of cross-examination in order to show bias. In support of this argument, Plaintiff cites Joseph v. State, 976 So. 2d 1204 (Fla. 4th DCA 2008). Plaintiff's reliance on Joseph, however, is misplaced. The Joseph case is a criminal case, in which the court found that the defendant, who was charged with resisting an officer with violence, was entitled to cross-examine the officer-witnesses regarding prior excessive force complaints filed against them. The instant case is not a criminal case, and as such, the limitations placed on cross-examination are not the same. Further, the officer-witnesses in the Joseph case were not defendants, and as such, Rule 404(b) was not implicated. Accordingly, the Court finds that Martens' motion should be granted to the extent that he seeks to preclude evidence relating to all prior complaints or discipline against him in the initial trial on Counts I, II, and III.

### B.  Plaintiff's Criminal Charges

Next, Martens argues that evidence relating to the fact that Plaintiff's criminal charges were *nolle prosequi* should be excluded, because the issue is whether Martens had probable cause for Plaintiff's arrest, not whether Plaintiff actually committed the offense of driving under the influence. As such, Martens argues that evidence relating to the fact that Plaintiff's criminal charges were *nolle prosequi* is irrelevant, and its probative value is substantially outweighed by the danger of confusing the issues and misleading the jury.

Plaintiff acknowledges that there are many reasons why a state attorney may decide not to prosecute a case. However, she argues that the evidence in this case will demonstrate that there was a complete lack of probable cause to arrest her, and as such, it will be clear that the state attorney's decision not to prosecute was for that reason. Further, she argues that if the jury

is not informed that the charges were *nolle prosequi*, the jury may draw the false inference that she was convicted and that she filed this lawsuit out of anger towards the officer.

      Upon consideration, the Court concludes that the fact that the charges against Plaintiff were *nolle prosequi* is irrelevant to Plaintiff's § 1983 excessive force claim against Martens. See Bochove v. Village of Corrales, 183 Fed. Appx. 715, 721 (10th Cir. 2006)(finding that the district court did in an excessive force trial not abuse its discretion by excluding evidence that the underlying charges against the plaintiff were not prosecuted); Payton v. Fike, 2010 WL 4065601, at *3 (N.D. Ind. Oct. 15, 2010)(stating that whether the plaintiff was charged with the underlying crime was irrelevant to the issue of whether excessive force was used); Larsen v. Barrientes, 2010 WL 2772325, at *2 (N.D. Ind. July 12, 2010)(stating that the dismissal of the underlying charges against the plaintiff was irrelevant to the issue of whether excessive force was used); Starks-Harris v. Taylor, 2009 WL 2970382, at *3 (N.D. Ind. Sept. 11, 2009)(stating that whether the plaintiff was charged with the underlying crime was irrelevant to the issue of whether excessive force was used); Redmond v. City of Chicago, 2008 WL 539164, at *6 (N.D. Ill. Feb. 26, 2008)(stating that whether the case against the plaintiff was dismissed, non-suited, or resulted in a conviction was not determinative on the issue of whether his constitutional rights were violated). As such, the Court will grant Martens' motion in limine on this issue. However, in order to avoid any unfair inferences, the Court will: (1) inform the jury during the initial trial on Counts I, II, and III that there will be no evidence presented regarding whether the charges against Plaintiff were prosecuted and/or whether she was convicted, because such information is irrelevant to her claims in the initial trial; and (2) instruct the jury not to draw any inferences from the lack of such evidence.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   The City of Largo's Motion in Limine (Doc. No. 40) is **GRANTED**.

(2)   Justin Martens' Motion in Limine (Doc. No. 47) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of September, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record