UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET FOLTZ,

    Plaintiff,

v.                                              Case No. 8:10-cv-759-T-24-EAJ

CITY OF LARGO and JUSTIN
MARTENS in his individual capacity,

    Defendants.

_____/

**ORDER**

    This cause comes before the Court on two motions: Plaintiff's Motion in Limine (Doc. No. 73), which Defendant Martens and the City of Largo opposes (Doc. No. 77, 82); and Justin Martens' Motion in Limine (Doc. No. 72), which Plaintiff opposes (Doc. No. 84). Accordingly, the Court will address each motion.

**I. Background**

    Plaintiff filed suit against Defendants, in which she alleges the following (Doc. No. 1): At all relevant times, Defendant Martens was employed as a police officer by Defendant City of Largo ("the City"). On October 20, 2006, Martens arrested Plaintiff for allegedly driving under the influence. Plaintiff contends that Martens did not have arguable or actual probable cause for the arrest. Martens handcuffed Plaintiff and transported her to jail. At the jail, Martens slammed Plaintiff's body violently against the wall face-first without justification or provocation while she was still handcuffed. As a result, Plaintiff was severely injured.

In her complaint, Plaintiff asserts five claims.  In Count I, Plaintiff asserts a § 1983 claim against Martens in his individual capacity for violating her Fourth Amendment rights due to the false arrest and Martens' use of excessive force.  In Count II, Plaintiff asserts a state law claim of battery against the City, because Martens' conduct occurred while he was the City's agent and acting within the apparent scope of his authority.  In Count III, Plaintiff asserts the state law claims of false arrest and false imprisonment against the City, because Martens' conduct occurred while he was the City's agent and acting within the apparent scope of his authority.  In Count IV, Plaintiff asserts a negligent retention claim against the City, in which she contends that the City had prior notice of multiple incidents of batteries and use of excessive force by Martens.  In Count V, Plaintiff asserts a § 1983 municipal liability claim against the City, in which she contends that the City failed to properly train Martens regarding use of force.

Martens previously moved to bifurcate the trial, and the Court found that bifurcation was warranted.  As a result, the Court has severed Counts I, II, and III (the § 1983 claim against Martens, the battery claim against the City, and the false arrest and false imprisonment claims against the City) from Counts IV and V (the negligent retention claim against the City and the § 1983 municipal liability claim against the City).  Counts I, II, and III will be tried first, and the same jury will be used for both trials if a second trial is necessary.

## II.  Plaintiff's Motion in Limine

In her motion, Plaintiff moves to preclude the following: (1) evidence that the jail nurses did not see any bruising or injury when they examined her, (2) evidence that police officers found Plaintiff to be belligerent, uncooperative, and/or in need of being controlled after the traffic stop, (3) evidence that police officers did not see or hear the incident as described by

Plaintiff, (4) evidence of compliance with law enforcement policies, procedures, and customs offered defensively, as opposed to being offered in response to Plaintiff's allegations that one or more specific policy, procedure, or custom was violated, and (5) evidence of recognition of Martens' job performance that merely bolsters his credibility. Accordingly, the Court will address each type of evidence.

### A. Observations of Jail Nurses

Plaintiff moves to preclude evidence that the jail nurses did not see any bruising or injury when they examined her. Plaintiff contends that such evidence presupposes that if she was injured, the nurses would have seen an outward sign of injury or bruising at the time that they examined her, and the nurses are not competent to render such expert testimony regarding the significance of their findings of no outward signs of injury or bruising. The Court rejects this argument, because the nurses are fact witnesses that can testify as to what they observed. Accordingly, Plaintiff's motion to exclude this evidence is denied.

### B. Officer Opinions Regarding Plaintiff's Behavior

Next, Plaintiff moves to preclude evidence that police officers found Plaintiff to be belligerent, uncooperative, and/or in need of being controlled after the traffic stop in order to show that the amount of force used was justified. Again, the Court rejects this argument, because the officers can testify as to their personal observations of Plaintiff's behavior. Such evidence is relevant in order for the jury to determine whether the force used against her was reasonable and necessary. Accordingly, Plaintiff's motion to exclude this evidence is denied.

3

### C.  What Officers Did Not See and Hear

Next, Plaintiff moves to preclude testimony by other officers regarding what they did not see or hear during the incident.  Plaintiff does not really flesh out this argument, and as such, it is unclear to the Court as to what she is arguing.  To the extent that Plaintiff contends that the officers cannot testify that they did not see or hear anything that they would have expected to hear if Martens acted in the manner described by Plaintiff, the Court rejects this argument.  The officers can testify as to what they saw and heard (including the of lack noise or force), and Plaintiff is free to challenge their testimony on cross examination.  Accordingly, Plaintiff's motion to exclude this evidence is denied.

### D.  Policies, Procedures, and Customs

Next, Plaintiff moves to exclude evidence of compliance with law enforcement policies, procedures, and customs offered defensively, as opposed to being offered in response to Plaintiff's allegations that one or more specific policy, procedure, or custom was violated. Again, Plaintiff does not really flesh out this argument, and as such, it is unclear to the Court as to what she is arguing.  To the extent that Plaintiff contends that the defense cannot show that the police complied with policies and procedures that Plaintiff does not contend the police violated, the Court rejects her argument, as such evidence may be relevant in this case.  Accordingly, Plaintiff's motion to exclude this evidence is denied.

### E.  Martens' Job Performance

Next, Plaintiff moves to exclude evidence of recognition of Martens' job performance that merely bolsters his credibility.  While the Court agrees that recognitions, awards, thank you notes, and the like would not be relevant, the Court notes that any special training, qualifications,

and certifications that Martens has completed regarding alcohol and drug related recognition skills (such as DUI training) would be relevant. Accordingly, Plaintiff's motion to exclude this evidence is denied as to any special training, qualifications, and certifications that Martens has completed regarding alcohol and drug related recognition skills; otherwise, the motion is granted.

### III.  Martens' Motion in Limine

Martens moves to preclude Plaintiff from introducing evidence of: (1) other traffic stops that he conducted on the date of Plaintiff's arrest, (2) the State Attorney's Office's investigations into unrelated criminal cases, and (3) expert testimony from Plaintiff's treating physician, Dr. John Sullivan. Accordingly, the Court will analyze each type of evidence.

#### A.  Other Traffic Stops

Martens moves to preclude Plaintiff from introducing evidence of other traffic stops that he conducted on the date of Plaintiff's arrest. Specifically, Martens states that Plaintiff listed the video of her arrest as a discovery exhibit, and the dvd containing the video also contains video of other traffic stops that Martens conducted on that date. Martens argues that evidence of other traffic stops is irrelevant to the claims relating to Plaintiff's traffic stop. Plaintiff responds that the video of the prior stops is relevant, because it shows that Martens made statements instructing other officers on how to falsely incriminate drivers and avoid probable cause questions for pretextual stops.

The Court agrees with Martens that, ordinarily, video of other traffic stops would be irrelevant to the claims in this case. However, if the dvd contains video of Martens making statements instructing other officers on how to falsely incriminate drivers and avoid probable

5

cause questions for pretextual stops, such evidence could be relevant to the claims in this case. Accordingly, the Court grants Martens' motion to the extent that the dvd shows only video of other traffic stops. However, Plaintiff is directed to submit the dvd, along with: (1) an explanation as to what specifically Martens said in the video, and (2) a specific identification as to the time/location on the dvd wherein the statements can be found. The Court will review the dvd and then make its ruling regarding whether the video of Martens' alleged statements made during the other traffic stops may be introduced at trial.

### B. State Attorney's Office's Investigations

Next, Martens moves to preclude Plaintiff from introducing evidence of the State Attorney's Office's investigations into unrelated criminal cases. Specifically, Martens contends that Plaintiff intends to enter into evidence documents and video from the State Attorney's investigations into other traffic stops, including the stop of Windi Keegan. Martens argues that such evidence is irrelevant to the claims relating to Plaintiff's traffic stop.

Plaintiff fails to adequately respond to this motion in order to explain the relevance of such evidence. As such, the Court agrees with Martens that such evidence is irrelevant and must be excluded.

### C. Expert Testimony

Next, Martens moves to preclude Plaintiff from introducing expert testimony from Plaintiff's treating physician, Dr. John Sullivan. Martens contends that it is his understanding that Plaintiff intends to call Dr. Sullivan to give expert testimony regarding the cause of her injuries, as well as the costs of her future medical treatment. Martens argues that because Dr. Sullivan was not listed as an expert, nor did he provide an expert report as to these issues, he

should not be permitted to testify as to these issues. Plaintiff responds that Dr. Sullivan should be permitted to testify as to these issues and that it is unfair to exclude such testimony without knowing what Dr. Sullivan will state.

Both parties cite Phillips v. American Honda Motor Co., Inc., 438 F. Supp.2d 1328, 1330 (S.D. Ala. 2006), to support their positions regarding whether causation testimony should be excluded. In Phillips, the court stated the following:

> [T]reating physicians are not treated as experts to the extent their testimony is based on observations during the course of treatment unless their testimony was acquired or developed in anticipation of litigation or for trial. However, as fact witnesses, their opinions must be based on facts of which they have personal knowledge. In addition, testimony regarding causation will not be allowed unless the determination of causation was necessary for treatment and their opinions are helpful to a clear understanding of the witnesses' testimony.

Id. (internal citations omitted). Upon consideration, the Court agrees with Plaintiff that the Court is unable to determine whether such causation testimony should be excluded without knowing whether Dr. Sullivan's causation testimony is based on observations he made during the course of treating her and/or whether the determination of causation was necessary in order for Dr. Sullivan to treat her. Therefore, the Court denies Martens' motion without prejudice as to the issue of Dr. Sullivan testifying as to causation. Martens can raise this issue at trial.

With regards to Dr. Sullivan testifying regarding the anticipated cost of Plaintiff's future medical treatment, the Court finds that such testimony would consist of expert opinion testimony. Accordingly, the Court agrees with Martens that such testimony must be excluded.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion in Limine (Doc. No. 73) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that Plaintiff moves to exclude evidence of recognition of Martens' job performance that merely bolsters his credibility, such as recognitions, awards, thank you notes, and the like; otherwise, the motion is **DENIED**.

(2) Justin Martens' Motion in Limine (Doc. No. 72) is **GRANTED IN PART AND DENIED IN PART**: The motion is **DENIED WITHOUT PREJUDICE** as to the issue of whether Dr. Sullivan can testify as to causation, and the motion is **GRANTED** to the extent that Martens seeks to exclude evidence of the State Attorney's Office investigation into unrelated criminal cases and to the extent that Martens seeks to preclude Dr. Sullivan from testifying regarding the anticipated cost of Plaintiff's future medical treatment. The Court **DEFERS** ruling on Martens' motion to the extent that he seeks to preclude the video of other traffic stops until the Court reviews the video to determine whether it contains evidence of Martens making statements instructing other officers on how to falsely incriminate drivers and avoid probable cause questions for pretextual stops.

(3) ***By noon on Wednesday, October 5, 2011***, Plaintiff is directed to submit to Chambers[1] the dvd of the video of the other traffic stops conducted by Martens in

---

[1] The dvd should be submitted to Chambers 10B, and the Court will take care of getting the dvd filed in the record for the purposes of ruling on this motion in limine.

which she contends that he made statements instructing other officers on how to falsely incriminate drivers and avoid probable cause questions for pretextual stops.  In addition, ***by noon on Wednesday, October 5, 2011***, Plaintiff is directed to file a notice that contains: (1) an explanation as to what specifically Martens said in the video, and (2) a specific identification as to the time/location on the dvd wherein the statements can be found.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of October, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record