UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET FOLTZ,

    Plaintiff,

v.                                                                    Case No. 8:10-cv-759-T-24-EAJ

CITY OF LARGO and JUSTIN
MARTENS in his individual capacity,

    Defendants.

_____/

## ORDER

This cause comes before the Court on the City of Largo's Motion in Limine. (Doc. No. 57). Plaintiff opposes this motion. (Doc. No. 70).

## I. Background

Plaintiff was arrested and allegedly injured during her arrest. Thereafter, Plaintiff filed suit against the City of Largo and Justin Martens, the police officer that arrested her. She asserts five claims against these defendants: (1) a § 1983 claim against Martens for excessive force, (2) a battery claim against the City, (3) false arrest and false imprisonment claims against the City, (4) a negligent retention claim against the City, and (5) a § 1983 municipal liability claim against the City.

## II. Motion in Limine

In the instant motion, the City moves to prohibit Plaintiff from introducing Martens' disciplinary file into evidence at trial and to exclude testimony from seven witnesses regarding their experiences with Martens.

Upon review, the Court finds that six of the seven potential witnesses had experiences with Martens that are completely irrelevant to Plaintiff's claims. Specifically, in 2003, Martens gave Sara Kolosick a ticket for running a red light, and her mother, Linda Gregg was in the car when it happened. They would likely testify that Martens was rude to them. However, there is no allegation that Martens used any force against them, and as such, their testimony would be irrelevant.

Likewise, Linda O'Rourke would likely testify that in 2003, Martens was rude to her when responding to her call that her daughter had run away. There is no allegation that Martens used any force against O'Rourke, and as such, her testimony would be irrelevant.

Similarly, Ivory Wright and Lawrence Layky would also testify that in 2004, Martens was rude to them and that they witnessed him making inappropriate comments to others. Again, there is no allegation that Martens used any force against them, nor did they witness him using any force against anyone else. Therefore, their testimony would be irrelevant.

Finally, the Court has already ruled that evidence relating to Maria Godman's arrest is not relevant or admissible, because this Court found in Goodman's lawsuit that Martens did not use excessive force against her. Instead, the Court found that Martens' use of force on Godman was necessary and objectively reasonable.

Accordingly, the Court finds that these six witnesses do not have relevant testimony, and as such, they cannot testify at trial. Therefore, the Court grants the City's motion as to these six witnesses.

However, it appears that Benjamin Sanchez may have relevant testimony. In 2006, Sanchez was stopped by Martens and initially refused to sign a traffic citation. When he refused,

Martens attempted to handcuff Sanchez, and in the process, allegedly caused injury to Sanchez's thumb.  Thus, Sanchez has relevant testimony regarding force used against him by Martens when he was stopped for a traffic violation.  As such, the Court denies the City's motion as to Sanchez.

The Court notes that in the City's motion, the City broadly requests that the Court exclude Martens' entire disciplinary file.  It is unclear as to whether the file contains more than the incidents described above, and as such, the Court's ruling regarding Martens' disciplinary file only extends to the documents relating to the incidents described above that are contained in his file.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that the City of Largo's Motion in Limine (Doc. No. 57) is **GRANTED IN PART AND DENIED IN PART**: The motion is **DENIED** to the extent that Benjamin Sanchez can testify at trial and the Court makes no ruling regarding documents contained in Martens' disciplinary file beyond those described above; otherwise, the City's motion is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2011.

Copies to:
All Parties and Counsel of Record

SUSAN C. BUCKLEW
United States District Judge