UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET FOLTZ,

      Plaintiff,

v.                                                        Case No. 8:10-cv-759-T-24-EAJ

CITY OF LARGO and JUSTIN
MARTENS in his individual capacity,

      Defendants.

_____/

## ORDER

This cause comes before the Court on Defendant Martens' Motion to Compel regarding Plaintiff's trial exhibits. (Doc. No. 76). Plaintiff opposes the motion. (Doc. No. 83).

## I. Background

Plaintiff was arrested and allegedly injured during her arrest. Thereafter, Plaintiff filed suit against the City of Largo and Justin Martens, the police officer that arrested her. The Court has determined that the trial will be bifurcated, and as such, the Court has severed Counts I, II, and III (the § 1983 claim against Martens, the battery claim against the City, and the false arrest and false imprisonment claims against the City) from Counts IV and V (the negligent retention claim against the City and the § 1983 municipal liability claim against the City). Counts I, II, and III will be tried first, and the same jury will be used for both trials if a second trial is necessary.

## II. Motion to Compel

In this motion, Martens asks the Court to compel Plaintiff to do three things: (1) to designate which of her exhibits are for the first phase of trial and which are for the second phase

of trial; (2) to remove from her exhibit list certain exhibits that the Court has precluded; and (3) to require her to specifically identify her exhibits. Accordingly, the Court will address each request.

### A. Designating Phase of Trial

Martens first requests that the Court compel Plaintiff to designate which of her exhibits are for the first phase of trial and which are for the second phase of trial. The Court will not require Plaintiff to designate her exhibits this way, because the same jury will be hearing both phases of this case, and as such, exhibits admitted during the first phase of the trial can be considered by the jury during the second phase of the trial. Thus, such designation is not necessary or warranted.

### B. Removal of Exhibits from the Exhibit List

Next, Martens requests that the Court compel Plaintiff to remove from her exhibit list certain exhibits that the Court has precluded. Martens identifies five categories of documents that he contends that the Court has precluded, but some of those documents have not been excluded by the Court. Instead, only the following documents have been excluded and must be removed from Plaintiff's exhibit list.

During the pretrial conference, the Court stated that it did not believe that documents and depositions relating to Plaintiff's underlying criminal charges for the arrest at issue would be admissible. Furthermore, the Court granted Martens' motion in limine regarding Plaintiff's criminal charges and stated:

> [I]n order to avoid any unfair inferences, the Court will: (1) inform the jury during the initial trial on Counts I, II, and III that there will be no evidence presented regarding whether the charges against Plaintiff were prosecuted and/or whether she was convicted, because such information is irrelevant to her claims in the

initial trial; and (2) instruct the jury not to draw any inferences from the lack of such evidence.

(Doc. No. 58, p. 6). Thus, Plaintiff's exhibits regarding her underlying criminal trial cannot be submitted into evidence. Therefore, the following exhibits on her exhibit list need to be removed: (1) Exhibit 4 - Notice of Nolle Prosequi, (2) Exhibit 5 - Notices of all Criminal Court Dates, and (3) Exhibit 13 - Deposition Transcripts from the State Criminal Case.

Additionally, the Court granted Martens' motion in limine to exclude documents and video from the State Attorney's Office's investigations into other traffic stops, including the stop of Windi Keegan. (Doc. No. 87, p. 6). Therefore, the Court finds that Exhibit 15(b) - documents and video from the State Attorney's Office regarding Windi Keegan must be removed from Plaintiff's exhibit list.

Finally, the Court has ruled that the video of Martens' other traffic stops on the night that Plaintiff was arrested is irrelevant to Plaintiff's claims, except to the extent that Martens makes statements on the video may call into question his credibility when making a traffic stop. As such, to the extent that Exhibit 14(a) is a video of Martens' traffic stops on October 20, 2006, such video is limited to the traffic stop in the first vignette[1] on the dvd and Plaintiff's traffic stop, which is contained in the sixth and seventh vignettes on the dvd. However, if Plaintiff submits the video into evidence, she will need to put the two traffic stops on two different dvds (i.e., one dvd containing the first vignette and the other dvd containing the two vignettes of Plaintiff's traffic stop).

---

[1] The first vignette is described in Plaintiff's Notice of Compliance in paragraph 1(a) - (e). (Doc. No. 96).

### C. Identification of Exhibits

Next, Martens requests that the Court require Plaintiff to specifically identify her exhibits. Local Rule 3.07 requires counsel to prepare an exhibit list that separately lists and sufficiently identifies each exhibit. A review of Plaintiff's exhibit list reveals that she has not complied with Local Rule 3.07. For example, exhibits identified as "files," as "all documents and video recordings," as "all documents relating to," or as "all exhibits listed by defendants to include third party production" are not sufficiently identified. Furthermore, Plaintiff needs to separately list and identify all 19 photographs that make up Exhibit 6 (i.e., Exhibit 6(a), 6(b), etc). These examples are not exhaustive, and Plaintiff is directed to review her exhibits and to prepare an exhibit list that complies with Local Rule 3.07 when submitting her exhibit list for trial.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Martens' Motion to Compel regarding Plaintiff's trial exhibits (Doc. No. 76) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2011.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record